WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonni Michelle Fargo,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-20-01653-PHX-SMB<br><br>**ORDER** |

At issue is the denial of Plaintiff Jonni Fargo's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint, (Doc. 1), seeking judicial review of that denial, and an Opening Brief, (Doc. 20). Defendant SSA (the "Commissioner") filed an Answering Brief, (Doc. 21), and Plaintiff filed a Reply, (Doc. 24). The Court has reviewed the briefs and Administrative Record ("AR"), (Doc. 14), and the Administrative Law Judge's ("ALJ") decision, (Doc. 14-3 at 10–27), and will affirm the ALJ's decision for the reasons addressed herein.

**I.    BACKGROUND**

Plaintiff filed an Application for SSDI benefits on October 17, 2016, alleging a disability beginning on April 1, 2013, but later amended to July 20, 2015. (Doc. 1 at 2.) Plaintiff's claim was initially denied on February 15, 2017. (Doc. 14-4 at 14.) A hearing was held before an ALJ on August 21, 2019. (Doc. 14-3 at 14.) Plaintiff's Application was denied by the ALJ on September 11, 2019. (*Id.* at 11.) Thereafter, the Appeals Council

denied Plaintiff's Request for Review of the ALJ's decision, and this appeal followed. (Doc. 1 at 2.)

Plaintiff alleges disability due to migraines, neuropathy, chronic pain, anxiety and other issues. (Doc. 20 at 2–3.) After considering the medical evidence and opinions, the ALJ determined that Plaintiff suffered from several severe impairments including degenerative disc disease, degenerative joint disease, migraines, obesity, peripheral neuropathy, and anxiety disorder. (Doc. 14-3 at 17.) The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work but is unable to perform any past relevant work. (*Id.* at 25.) She previously worked as a director of account development, which is considered a light, skilled occupation. (*Id.*) The ALJ then considered whether the Plaintiff could perform jobs that exist in the national economy and found that she could. (*Id.* at 26–27.) Specifically, the ALJ found that Plaintiff was capable of making a successful adjustment to other work and, therefore, classified Plaintiff as "not disabled." (*Id.*) Consequently, the ALJ again denied Plaintiff's Application on November 11, 2019. (*Id.* at 11.) Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision—making it the final decision of the Commissioner—and this appeal followed. (*Id.* at 2.)

## II. LEGAL STANDARDS

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the

decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III.  DISCUSSION**

Plaintiff argues that the ALJ committed harmful error in evaluating Plaintiff's symptom testimony and in weighing the medical opinion evidence. (Doc. 20 at 14–29.) The Commissioner argues that the ALJ's opinion is supported by substantial evidence and free of legal error. (Doc. 21 at 3–15.) The Court has reviewed the medical and administrative records and agrees with the Commissioner for the following reasons.

**A.  Plaintiff's Symptom Testimony**

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or symptoms alleged."

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)) (internal quotation marks omitted). Second, absent evidence of malingering, an ALJ may only discount a claimant's allegations for reasons that are "specific, clear and convincing" and supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

When evaluating subjective symptom testimony, an ALJ must first find objective medical evidence demonstrating an impairment that could reasonably cause a claimant's symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996). A claimant's subjective testimony alone will not establish a disability, and an ALJ will determine whether the claimant's alleged limitations are consistent with medical sources. 20 C.F.R. § 404.1529(a). Once the claimant has shown such an impairment, if there is no evidence of malingering, the ALJ may reject a claimant's symptom testimony only if he offers "specific findings stating clear and convincing reasons to do so." *Smolen*, 80 F.3d at 1283–84. The Court will uphold the ALJ's conclusion if "the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (superseded by statute on other grounds).

"[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings are insufficient. *Id.* "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." *Molina*, 674 F.3d at 1112. For instance, the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1040).

Plaintiff argues the ALJ— using the wrong legal standard—committed materially harmful error by rejecting her symptom testimony without clear, specific, and convincing

reasons supported by substantial evidence from the record as a whole. (Doc. 20 at 23–29.) The Commissioner argues the ALJ properly rejected the Plaintiff's symptom testimony as subjective complaints which were inconsistent with the medical record. (Doc. 21 at 11–15.) The Court agrees with the Commissioner.

Here, the ALJ first found the Plaintiff has numerous severe impairments. (Doc. 14-3 at 21–22.) However, the ALJ also found the objective medical evidence to be "inconsistent with the [Plaintiff's] statements concerning the alleged intensity, persistence, and limiting effects of the symptoms." (Id. at 24.)

First, the Court finds the ALJ did not use the incorrect legal standard. "Although the Court agrees that Plaintiff is not required to provide medical evidence of the severity of her symptoms, objective medical evidence is a useful tool for an ALJ to assess Plaintiff's credibility regarding the intensity and persistence of [her] symptoms." *McPherson v. Comm'r of Soc. Sec. Admin.*, No. CV-21-08202-PCT-JAT, 2021 WK 3709845, at *7 (D. Ariz. August 20, 2021) (internal citation omitted). The Court declines to read the ALJ's "not entirely consistent," (Doc. 14-3 at 24), statement as requiring the Plaintiff to fully substantiate her symptom testimony with objective medical evidence. *See McPherson*, 2021 WL 3709846, at *7; *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and disabling effects.").

Second, the Court finds the ALJ proffered clear, specific, and convincing evidence supported by the record. The ALJ found that Plaintiff's symptom testimony contradicted (1) the objective medical evidence in the record and (2) other evidence in the record such as Plaintiff's course of treatment and Plaintiff's self-asserted limitations. (Doc. 14-3 at 22–23.) The ALJ offered nine reasons for rejecting Plaintiff's symptom testimony. (*Id.*) For example, the ALJ found that the record "reveals that the treatment has been generally successful in controlling those symptoms." (*Id.* at 23). The ALJ then discussed how the Plaintiff's treatment of medications, Toradol shots, Botox injections, and Belbuca strips

helped the Plaintiff control her symptoms and noted that she reported "some symptom improvement." (*Id.*) The ALJ also examined the Plaintiff's mental status. Although the Plaintiff alleged being in a "fog" with symptoms of memory loss and concentration difficulties, the Plaintiff scored 29 out of 30 on the Mini-Mental Status Exam ("MSSE"). (*Id.*) The ALJ thus held that "the objective evidence and clinical findings do not support the level of symptomology that the claimant alleged and are inconsistent with the claimant's statements concerning the alleged intensity, persistence, and limiting effects of symptoms." (*Id.*)

Therefore, the Court finds that the ALJ provided clear, specific, and convincing reasons—supported by the record as a whole—for rejecting Plaintiff's symptom testimony. Consequently, the Court finds that the ALJ committed no error.

### B. Dr. Grove's Assessment

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians; those who examined but did not treat the claimant are examining physicians; and those who neither examined, nor treated the claimant are non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who did not treat the claimant." *Id.* This is so because treating physicians have the advantage of in-person interaction and typically a longer history of treatment than a claimant's other doctors, and their "subjective judgments . . . are important, and properly play a part in their medical evaluations." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Lester*, 81 F.3d at 830–31). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* An ALJ meets this standard

by "setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Here, Plaintiff argues the ALJ committed materially harmful error by improperly rejecting Dr. Grove's assessment without substantial evidence in the record as a whole. (Doc. 20 at 14–23.) The Commissioner responds that the ALJ—supported by the record as a whole—properly discounted Dr. Grove's assessment and properly assigned great weight to the State's medical consultants' findings. (Doc. 21 at 4–11.) The Court agrees with the Commissioner.

First, the ALJ provided specific and legitimate reasons—supported by the record as a whole—for assigning Dr. Grove's assessment little weight, finding it to be inconsistent with the record and lacking anything more than minimal explanations for his conclusions. (Doc. 14-3 at 24–25); *see Carmickle*, 533 F.3d at 1164. The ALJ offered five reasons for assigning little weight to Dr. Grove's opinions: (1) the assessment failed to provide what the Plaintiff could do despite the alleged impairments; (2) the assessments were vague and did not specify the length of capability to walk, sit, stand, bend, and perform other activities; (3) the assessment failed to reference objective medical findings in support of Dr. Grove's opinion; (4) the assessment was inconsistent with the objective medical evidence; and (5) the assessment was inconsistent with Dr. Grove's own treatment notes. (*Id.*) For example, the ALJ found Dr. Grove's " assessment that the claimant has severe limitations and is unable to function is inconsistent with the objective medical evidence." (*Id.* at 24.) The objective medical evidence showed normal gait, negative Romberg, standing without unsteadiness, normal strength, normal muscle tone, intact sensation, normal reflexes, and no evidence of muscle atrophy. (*Id.*) (citing Doc. 14-8 at 25–26; Doc. 14-10 at 51; Doc. 14-10 at 74; Doc. 14-11 at 16, 26; Doc. 14-12 at 32; Doc. 14-12 at 60.)

Second, the ALJ properly assigned great weight to the State agency medical consultants. (*Id.* at 24.) Not only did the ALJ offer four reasons for supporting the assigning of great weight for the opinions, the ALJ also discredited the opinions she found

to be unsupported by the record. (*Id.*) The ALJ found (1) the opinions were based on Plaintiff's medical record and included her particular impairments; (2) the State agency consultants are aware of the evidentiary requirements for their opinions; (3) the opinions were supported by the medical records and consistent with Plaintiff's complaints and treatments; and (4) the opinions were consistent with the objective medical examination findings. (*Id.*) For example, the State agency consultants found the Plaintiff was still able to perform past work, albeit with "some limitations in [Plaintiff's] ability to perform work related activities." (Doc. 14-4 at 14; 28.) These opinions considered the medical records, work experience, and other information in determining the Plaintiff's ability to work. (*Id.*) However, the ALJ did discredit the State agency consultants' opinion regarding pulmonary restrictions, finding this opinion contradicted evidence in the medical record that the Plaintiff's asthma was under control and without complications. (Doc. 14-3 at 24.)

Therefore, the Court finds that the ALJ did not error in providing little weight to Dr. Grove's assessment and in providing great weight to the State agency consultants.

## IV.  CONCLUSION

Having found no error,

**IT IS ORDERED** affirming the decision of the ALJ, as upheld by the appeals council.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 29th day of July, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge